UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dean M. STEVENS,<br><br>                    Plaintiff,<br><br>v.<br><br>CDCR DIRECTOR, et al.,<br><br>                    Defendants. | Case No.: 25-cv-0191-AGS-AHG<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF 2), DISMISSING COMPLAINT, AND CLOSING CASE** |

After unrepresented state prisoner Dean M. Stevens sued defendants in the wrong district, the case was transferred here. For the reasons below, Stevens's application to proceed in forma pauperis is denied, and his case is dismissed.

**DISCUSSION**

Typically, parties instituting a civil action in a United States district court must pay filing fees of $405.[1] *See* 28 U.S.C. § 1914(a). "An action may proceed despite failure to pay the filing fees only if the party is granted IFP status." *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners like Stevens, however, "face an additional hurdle." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Inmates may not proceed in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* (quoting 28 U.S.C. § 1915(g)).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The $55 administrative fee does not apply to persons granted leave to proceed without prepayment. *Id.*

When courts review a dismissal to determine whether it counts as one of these three strikes, "the style of the dismissal or the procedural posture is immaterial" because "the central question is whether the dismissal rang the PLRA [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (cleaned up). Prior cases are considered strikes, then, "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP for having three strikes, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

Stevens, while incarcerated, has filed at least 17 civil actions, and at least three of his cases were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of [different courts] in other cases."). The three strikes are: (1) *Stevens v. Cox*, No. 95-cv-04454-FMS (N.D. Cal. Dec. 20, 1995), ECF 2 (Order denying IFP and dismissing complaint with leave to amend), and (N.D. Cal. Jan. 31, 1996), ECF 5 (Order dismissing case for failure to amend)[2] (strike one); (2) *Stevens v. Baker*, No. 12-cv-02519-SBA (N.D. Cal., July 18, 2012), ECF 5 (Order dismissing amended complaint with leave to amend), and (N.D. Cal. Feb. 6, 2013), ECF 12 (Order dismissing case for failure to amend) (strike two); and (3) *Stevens v. Colheen*, No. 12-cv-03276-SBA

---

[2] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

(N.D. Cal. July 18, 2012), ECF 3 (Order dismissing case for failing to state a cognizable claim pursuant to 28 U.S.C. § 1915A(b)(1)) (strike three).

Nor does Stevens meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (cleaned up). Stevens seeks $60 million in damages from unidentified CDCR dental officials for allegedly providing him sub-par dentures while he was incarcerated at Richard J. Donovan Correctional Facility in March 2024. (*See* ECF 1 at 3.) Nothing in his complaint satisfies the imminent-danger exception. *See, e.g.*, *Stephens v. Newsome*, No. 2:22-CV-1583 AC P, 2023 WL 3956715, at *2 (E.D. Cal. May 25, 2023) (finding prison's failure to provide plaintiff with dental implants did not "present an imminent danger of serious physical harm" sufficient to qualify for § 1915(g) exception), *report and recommendation adopted* 2023 WL 4109775 (E.D. Cal. June 21, 2023).

## CONCLUSION

Thus, Stevens's application to proceed in forma pauperis (ECF 2) is **DENIED** as barred by 28 U.S.C. § 1915(g). The action is **DISMISSED WITHOUT PREJUDICE** for failure to pay the statutory and administrative $405 civil filing fees required by 28 U.S.C. § 1914(a). The Clerk of Court is directed to close this case. The Court also "certifies in writing" that an in forma pauperis appeal of this Order would be frivolous and "not taken in good faith." 28 U.S.C. § 1915(a)(3).

Dated:  May 8, 2025

_____
Hon. Andrew G. Schopler
United States District Judge